## Hoover v. Pennsylvania Power & Light Company

*John J. Shumaker* and *William D. Miller; Shumaker, Williams & Placey*, for plaintiffs.

*John C. Sullivan* and *James D. Campbell; Nauman, Smith, Shissler & Hall*, for defendants.

BOWMAN, J., December 30, 1969.—If this case has any substantive merit, it should be litigated in Perry County, not in Dauphin County.

By complaint in assumpsit, plaintiffs, who are the owners of land subject to a right-of-way in favor of defendant, Pennsylvania Power & Light Company (PP&L), assert a cause of action against it as principal and United States Fidelity and Guaranty Company (USF&G) as surety on an injunction bond. The bond was given incident to an equity action in Perry County brought by PP&L against the landowners to restrain them from interfering with the construction of power lines on and over the right-of-way. PP&L sought and obtained a preliminary injunction in that action contingent upon the filing of an injunction bond which is the subject of the present controversy. The condition of the bond is that "if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff (PP&L here) shall pay to any person injured all damages sustained by reason of

granting the injunction and all legally taxable costs and fees."

From plaintiffs' complaint in this case and by taking judicial notice of the records of the Court of Common Pleas of Perry County, May Term, 1965, no. 266, it appears that on July 30, 1965, PP&L filed a complaint in equity in the Common Pleas Court of Perry County seeking to restrain defendant landowners (plaintiffs here) from allegedly interfering with the construction of power lines, then under way, over a right-of-way acquired from landowners, said land being situate in Perry County. On the same date, an ex parte preliminary injunction issued to become effective upon the filing of an injunction bond in the principal sum of $3,000. The bond with corporate surety (USF&G) was filed August 2, 1965, and was conditioned as foresaid.

The court order fixing the preliminary hearing assigned as the reason for not having the hearing within five days that defendants were widely separated from one another in distance and could not receive adequate notice and prepare their case in so short a period of time. The hearing was fixed for August 24, 1965. On the day fixed for hearing, counsel for landowners sought a continuance until September 21, 1965, which was granted. There is nothing in the record disclosing that he objected to the original date for hearing as untimely.[1]

On April 22, 1968, almost three years later, the power line construction project having been completed, PP&L, without notice to landowners, discontinued the aforesaid equity action in Perry County

---

[1] Although not pleaded or contained in the record of which we take judicial notice, it is undisputed that counsel for the landowners died before the date fixed for the continued hearing, whereupon the hearing was further continued indefinitely. Apparently, neither party thereafter sought a date to be fixed for the continued hearing.

and on May 24, 1968, filed a petition to discharge the surety on the injunction bond upon which a rule to show cause was issued by the court. On July 15, 1968, the landowners answered the petition and opposed the discharge of the surety, alleging that the injunction had been improperly granted in the first instance, hearing thereon had not been timely held and alleging damages by incorporating by reference the complaint filed by them in this action on July 11, 1968. The proceedings on the aforesaid petition, rule and answer are presently pending in Perry County.

In this suit on the injunction bond, the issues and claims for damages are the same as those in the Perry County proceedings. They differ only in the form of action and in USF&G, the surety, being a party defendant in the instant case.

After the complaint was filed in this case, defendant PP&L filed preliminary objections in the nature of a motion to dismiss on the grounds of lis pendens and in the nature of a motion for more specific complaint. It also petitioned for a change of venue of this action to Perry County.[2]

Tested by almost any standard, this case should be transferred to Perry County. Under Pa. R. C. P. 1006(d), for the convenience of the parties, the court upon the petition of any party may transfer an action in assumpsit to the court of any other county where the action could originally have been brought. There is no question in this case that this action could have been originated in Perry County in the first instance, nor that the convenience of the parties, particularly plaintiffs, would best be served by proceeding in that county. Another proceeding posing the same issues with the same party litigants except USF&G is pend-

---

[2] This petition was physically incorporated into defendant's preliminary objection pleading. For this reason, plaintiffs would have us refuse to consider it as not within the scope of preliminary objections. As it is clearly a petition under Pa. R. C. P. 1006(d), we reject plaintiffs' contention.

184

ing in that county. If the pendency of that proceeding does not afford a basis for dismissal of this action because the party litigants are not identical, that court can control and consolidate, if necessary, the two cases and dispose of them at less expense to the parties and thereby eliminate the possibility of diverse results which could only prolong the final determination of the issues. While suits on bonds are transitory in nature and plaintiffs properly brought this action in Dauphin County, not a single reason is advanced for doing so in light of the past history of this protracted controversy and the pendency of the mentioned proceedings in Perry County.

As we shall grant the petition of defendant PP&L to transfer this case to Perry County, we do not pass upon the merits of its preliminary objections.

For the foregoing reasons, we make the following

### ORDER

And now, December 30, 1969, the petition of defendant Pennsylvania Power & Light Company to transfer this action to the Court of Common Pleas of Perry County is hereby granted.

The Prothonotary of Dauphin County shall forward to the Prothonotary of Perry County certified copies of the docket entries, process, pleadings and other papers filed in this action.

The costs and fees relating to the parties for transfer and the removal of the record shall be paid by defendant Pennsylvania Power & Light Company, which costs and fees shall be taxable as costs in the case.